IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELIZABETH MARTIN                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:20-cv-00460-CWR-LRA

PATRICIA MARSHALL                                                                              DEFENDANT

AMENDED COMPLAINT

Plaintiff, Elizabeth Martin, files this her amended Complaint for Discovery and Other Relief against the Defendant, Patricia Marshall, and in support thereof would show unto the Court the following:

1. Plaintiff, Elizabeth Martin, is an adult resident citizen of Jackson, Mississippi, whose address is 405 Tombigbee Street, Jackson, Mississippi 39201.

2. Defendant, Patricia Marshall, is an adult resident citizen of Fresno, California, whose address is 6002 W. Fallon Ave., Fresno, California 93722.

3. The Defendant, Patricia Marshall, is a non-resident of the State of Mississippi but has committed a tort in the State of Mississippi against a resident of the State of Mississippi, and as a result thereof may be served with process pursuant to the Mississippi Rules of Civil Procedure.

COUNT I

4. Plaintiff, Elizabeth Martin, to the best of her knowledge, has never met the Defendant, Patricia Marshall, and has had only limited involvement with Patricia Marshall.

Elizabeth Martin has generally lived her life in a peaceful manner and has not ever disparaged the lives or reputations of any individuals.

5.  Plaintiff would show that she suffered damages as a result of the continuing disparaging remarks made by Patricia Marshall without any known reason or justification. Plaintiff has suffered damages as a result of the disparagement of her name and reputation.

6.  Despite the fact that Elizabeth Martin does not know Patricia Marshall, and had only limited involvement with Patricia Marshall, on numerous occasions (beginning in January 2018 and continuing through May 29, 2020), Patricia Marshall posted disparaging and libelous remarks about Plaintiff on several online social media platforms. Defendant, Patricia Marshall, posted photos of Plaintiff online on numerous occasions, violating her right to privacy and causing Elizabeth Martin intentional infliction of emotional distress. Defendant posted a manipulated photo of Plaintiff on Defendant's Tumblr blog on November 11, 2019. Defendant created an Instagram account on January 3, 2020, entirely for the purpose of further defaming Plaintiff. On this Instagram account, Defendant posted photos of Plaintiff and various social media posts of Plaintiff without Plaintiff's permission, the intent of which was to defame Plaintiff's character. On May 29, 2020, Defendant posted screen shots of Plaintiff's Twitter account onto Defendant's Twitter, along with insulting, disparaging, and racially-charged remarks, further harassing Plaintiff, and violating her right to privacy. The posting of these photos violated the Terms of Service and Community Guidelines for each respective online social media platform.

7.  Defendant also attempted to bring harm to Plaintiff by posting Plaintiff's personal information online, with the intent to further defame Plaintiff and encourage others to do her

(Plaintiff) harm. On February 7, 2018, Defendant posted Plaintiff's full name, age, undergraduate college name, and degree path on Twitter, requesting that another Twitter account "expose" Plaintiff. The Twitter post also contained photos of Plaintiff similarly used without Plaintiff's permission. This intentional infliction of emotional distress caused Plaintiff worry, fear for her (Plaintiff's) safety, and concern for possible interference with her (Plaintiff's) legal career.

8. Defendant called Plaintiff's mother and sent a message to Plaintiff's father on November 16, 2019. Defendant obtained Plaintiff's parents' private cell phone numbers and repeatedly called Plaintiff's mother on November 16, 2019. Upon answering the phone, Plaintiff's mother was subjected to an onslaught of verbal abuse from Defendant. In the phone call, the Defendant made numerous profanities, and threatened to get Plaintiff "kicked out of her school in Mississippi." This intentional infliction of emotional distress and violation of Plaintiff's right to privacy caused Plaintiff worry, fear for her (Plaintiff's) safety, fear for Plaintiff's parents' safety, and concern for possible interference with her (Plaintiff's) legal career.

9. Defendant posted libelous and defamatory statements about Plaintiff's character online on August 30, 2019, March 8, 2018, February 7, 2018, and numerous other occasions. On August 30, 2019, Defendant posted private conversations involving Plaintiff online with intent to defame Plaintiff's character. On numerous occasions, Defendant attempted to defame Plaintiff through online social media posts, several of which included Plaintiff's private, personal information. This intentional infliction of emotional distress and violation of Plaintiff's right to privacy caused Plaintiff worry and emotional distress.

10. Since January 2018, Defendant has continuously harassed, threatened, defamed, and violated Plaintiff's right to privacy, with no indication of stopping. On December 3, 2019,

Plaintiff's attorney mailed Defendant a cease and desist letter insisting and demanding that the Defendant cease the malicious and libelous conduct. Despite Plaintiff's attorney's letter, the Defendant continued with the defamatory conduct and intentional infliction of emotional distress. The instances of harassment on January 3, 2020, and May 29, 2020, both occurred after Defendant received the cease and desist letter, and Defendant shows no intention of ceasing her malicious and defamatory conduct.

11. As a direct result of Defendant's intentional infliction of emotional distress and malicious and willful conduct, Plaintiff has suffered emotional distress, worry, inability to sleep, fear for her (Plaintiff's) safety, fear for her (Plaintiff's) parents' safety, damages on her (Plaintiff's) legal career, and other substantial injuries and damages.

12. Plaintiff, as a direct result of Defendant's acts and omissions, gross and willful conduct, defamatory statements, exposing of personal information, and the other causes of action more specifically set out above, has suffered and will suffer damages, in the amount in excess of $60,000.00 in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Patricia Marshall, for Plaintiff's actual damages in an amount in excess of $40,000.00, and punitive damages in the amount of $20,000.00, or a sum sufficient to deter Patricia Marshall from such oppressive conduct in the future; plus prejudgment interest; post judgment interest; and all costs.

## COUNT II

13. Plaintiff, Elizabeth Martin, adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

14. On the occasions in question, the Defendant, Patricia Marshall, was malicious and willful by; by exposing her (Plaintiff's) personal information online, with the intent to bring harm to the Plaintiff; by obtaining Plaintiff's parents' phone numbers and calling and verbally abusing Plaintiff's mother; and by continuously posting content online with the intent to violate Plaintiff's right to privacy and bring her (Plaintiff) harm.  The conduct of the Defendant, Patricia Marshall, as aforesaid was the sole proximate causes of the damages sustained by the Plaintiff and are in the amount of at least $40,000.00.  Defendant, Patricia Marshall, is responsible for Martin's damages and should be required to pay Martin the sum of $40,000.00 for her actual damages, plus punitive damages in the sum of $20,000.00 to deter the Defendant from such oppressive conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment against the Defendant, Patricia Marshall, jointly and severally, for Plaintiff's actual damages in an amount of Forty Thousand Dollars ($40,000.00.)  The Plaintiff also seeks punitive damages in the amount of Twenty Thousand Dollars ($20,000.00) to deter the Defendant from such oppressive conduct in the future; plus prejudgment interest; post judgment interest; and all costs.

Respectfully submitted, this the 16th day of July, 2020.

                                        PLAINTIFF

                                        By:    /s/ Wayne E. Ferrell, Jr.
                                               WAYNE E. FERRELL, JR.

OF COUNSEL:

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law


Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700