UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ELIZABETH MARTIN**                                                                                           **PLAINTIFF**

**v.**                                                                                       **CAUSE NO. 3:20-cv-460-CWR-LRA**

**PATRICIA MARSHALL**                                                                                        **DEFENDANT**

## ANSWER TO AMENDED COMPLAINT

**COMES NOW**, the Defendant, Patricia Marshall, by and through counsel, pursuant to the Federal Rules of Civil Procedure, and files this her Answer to the Amended Complaint filed by the Plaintiff, and in support thereof states the following to wit:

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant under *Walden v. Fiore*.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper in the Southern District of Mississippi, Northern Division.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's complaint should be dismissed for insufficiency of service of process under Fed. R. Civ. P. 4(c)(e).

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted against the Defendant under Fed. R. Civ. P 12(b)(6).

### COMPLAINT

1. Admitted on information and belief.
2. Admitted.

3. Defendant admits that she is not a resident of Mississippi. Defendant specifically denies that she may be served with process pursuant to the Mississippi Rules of Civil Procedure. The remainder of the allegations are denied.

## Count I

4. Defendant admits that Plaintiff and Defendant have never met. The remainder of the allegations are denied.

5. Denied

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. The Defendant lacks sufficient information and knowledge to either admit or deny these allegations, and therefore the same are denied.

12. Denied

## RELIEF REQUESTED

Denied

## Count II

13. Denied

14. Denied

## RELIEF REQUESTED

Denied

## FIFTH AFFIRMATIVE DEFENSE

The alleged damages at issue in this case were not caused by any wrongful act or omission of this Defendant, and this Defendant denies any and all substantive allegations against her that are not specifically admitted as being true.

## SIXTH AFFIRMATIVE DEFENSE

All allegations not expressly and specifically admitted herein to be true are again hereby denied. Notwithstanding any inadvertent admission by the Defendants in responding to this Complaint, the Defendant specifically, generally and affirmatively denies each and every substantive allegation contained in the Plaintiffs' Complaint which attempts to impose or impute or suggest any liability or wrongful conduct by the Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert additional affirmative defenses as warranted, and specifically incorporates by reference herein each and every affirmative defense raised or pled by any other Defendant.

## GENERAL DENIAL

Each and every allegation which is not specifically admitted as true is hereby denied. Defendant reserves the right to amend her Answer and to raise any additional defenses that become apparent through discovery or otherwise.

## PUNITIVE DAMAGES DEFENSES

Although having previously denied that the Plaintiff is entitled to punitive damages or any relief whatsoever against Defendant, Defendant affirmatively pleads that:

(A)   Plaintiff's Complaint fails to allege facts or circumstances sufficient to support an award of punitive damages.

(B) An award of punitive damages would amount to a deprivation of property without due process of law in violation of the fifth and fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(C) An award of punitive damages in this civil action would violate the substantive and procedural due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(D) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

(E) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

(F) An award of punitive damages in this civil action would violate the equal protection provisions of the Fourteenth Amendment to the United States Constitution in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of assets;

(G) To the extent that Defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt," and punitive damages should not be awarded without affording the Defendants the full range of criminal procedural safeguards afforded pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution.

**AND NOW**, having fully answered, this Defendant requests the following:

1. Demand that the judgment be entered in favor of this Defendant dismissing with prejudice all claims against her;

2. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, this Court should further order that the Plaintiff pay to this Defendant all costs, expenses, attorney fees, and other losses or damages resulting from the prosecution of this matter by the Plaintiff.

RESPECTFULLY SUBMITTED, this the 31st day of July, 2020.

**Patricia Marshall**

BY: */s/Christian Medina*
Christian Medina (MSB#105708)

OF COUNSEL:
Christian Medina (MSB#105708)
Danks, Miller & Cory
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601/957-3101
Facsimile: 601/957-3160

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing pleading was filed electronically with the Clerk of Court and served on the following persons using the CM/ECF:

Wayne E. Ferrell, Jr.
Law Offices of Wayne E. Ferrell, Jr.
P.O. Box 24448
Jackson, MS 39225

*/s/Christian Medina*
Christian Medina