# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ELIZABETH MARTIN**                                                        **PLAINTIFF**

**V.**                                              **CAUSE NO. 3:20-CV-460-CWR-LRA**

**PATRICIA MARSHALL**                                        **DEFENDANT**

## ORDER

Plaintiff Elizabeth Martin sued defendant Patricia Marshall in Mississippi state court seeking more than $100,000 in compensatory damages and $500,000 in punitive damages. The defendant removed the case here claiming diversity jurisdiction. The plaintiff subsequently amended her complaint to seek "actual damages in an amount of $40,000.00, and punitive damages in the amount of $20,000.00, or a sum sufficient to deter Patricia Marshall from such oppressive conduct in the future; plus prejudgment interest; post judgment interest; and all costs." Docket No. 9 at 4.

Now before the Court is the plaintiff's motion to remand. She contends that her case no longer satisfies the $75,000 amount in controversy requirement, and therefore must be sent back to state court.

The motion must be denied. As Chief Judge Jordan explained in *Gordon v. Kroger*,

> post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction where it is apparent from the face of the Complaint that the amount in controversy is met. Indeed, the Supreme Court has held that once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.

No. 3:15-CV-495-DPJ-FKB, 2016 WL 1047900, at *2 (S.D. Miss. Mar. 16, 2016) (quotation marks and citations omitted).

2

That is the situation here. This case was properly removed based on the amount the plaintiff specifically demanded in her original complaint. Her later amendment did not have jurisdictional effect.

The same is true of the affidavit the plaintiff attached to her rebuttal, in which she attempted to reduce her total demand to $60,000. Post-removal affidavits can be used to clarify the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal." *Nixon v. Kia Motors Am., Inc.*, No. 3:11-CV-153-DPJ-FKB, 2011 WL 13232440, at *2 (S.D. Miss. Aug. 10, 2011) (quotation marks and citations omitted). The affidavit is irrelevant in this case, however, because there was no ambiguity in the plaintiff's state-court complaint.

The motion to remand is denied.[1] Within 10 days, the parties shall contact the chambers of the Magistrate Judge to schedule a TCMC.

**SO ORDERED**, this the 18th day of September, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's motion for an extension of time to file her rebuttal is granted *nunc pro tunc*.