**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ELIZABETH MARTIN**                                                    **PLAINTIFF**

**v.**                                              **CAUSE NO. 3:20-cv-460-CWR-LRA**

**PATRICIA MARSHALL**                                              **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

---

The Defendant, Patricia Marshall, files this Memorandum in Support of her Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) and in support thereof states as follows:

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1.      On June 9, 2020, Plaintiff, Elizabeth Martin ("Martin") filed a lawsuit in the Hinds County Court for invasion of privacy, libel, defamation, and intentional infliction of emotional distress against Patricia Marshall ("Patricia").

2.      Upon information and belief, Martin is originally an adult resident citizen of the State of Louisiana but resides in Mississippi for law school.

3.      Patricia is an adult resident citizen of the State of California.

4.      At all times relevant in the Complaint, Martin has lived in Mississippi, and Patricia has lived in California. It is undisputed that the parties have never met.

5.      A review of Martin's Complaint alleges that starting from January 2018 until May 29, 2020, Patricia posted libelous remarks about Martin on several social media platforms.

1

6.      Martin alleged that Patricia posted photos of Martin on several social media platforms causing Martin intentional infliction of emotional distress.

7.      Martin alleged that Patricia posted a manipulated photo of Martin on social media as well as creating an Instagram account to defame Martin.

8.      Martin has also alleged that Patricia had posted a screen shot of Martin's twitter handle as well as posting Martins' full name, age, and undergraduate college, degree path and posted disparaging, insulting, and racially-charged remarks.

9.      Finally, Martin alleged that Patricia called Martin's father and mother. Upon answering, Martin alleged that Patricia "made numerous profanities and threatened to get Martin kicked out of her school in Mississippi."

10.     For the following reasons, this Court must dismiss this case because it has no personal jurisdiction over Patricia.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER PATRICIA MARSHALL

A state court or a federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Lubin v. Delta Airlines*, 2015 WL 4611759, 2 (S.D. Miss. 2015). The burden is on the plaintiff to establish a *prima facie* case of personal jurisdiction over a nonresident defendant. *Cent. Freight Lines Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003).

### A.  There Is No Jurisdiction Under The Long Arm Statute

Under Mississippi's long-arm statute, personal jurisdiction may be asserted only when the nonresident defendant has committed a tort, in whole or in part, in Mississippi. *Miss. Code Ann.* § 13–3–57; *McLaurin v. Nazar*, 883 F. Supp. 112, 114 (N.D. Miss.), <u>aff'd,</u> 71 F.3d 878 (5th

Cir. 1995)(explain that Mississippi's Long Arm Statute only allows Mississippi courts to exercise specific jurisdiction over a nonresident defendant whose conduct within the state has caused an alleged injury in Mississippi). This case stemmed from differences in political opinion. Rather than block each other in their respective social media accounts, the Plaintiff filed this lawsuit alleging that memes and political comments made against her in the online realm of social media somehow resulted in a tort that took place in Mississippi. This Court has previously held that a tort occurs where and when the actual injury takes place. *Lubin*, 2015 WL 4611759, 3 (S.D. Miss. 2015). Memes and exercising a differences of opinion in an online forum on a private company's platform should not, in itself, be considered a tort. The Plaintiff has not specified how memes and banter resulting from different political ideologies is a tort in Mississippi, other than bald conclusory statements in her Complaint. But even if the posting of memes and online banter is considered a tort, the Complaint does not show that these actions took place in Mississippi. Upon information and belief, the Plaintiff is originally from the State of Louisiana, and the alleged call that Patricia made was to the Plaintiff's parents residing in Louisiana. Considering that the Complaint fails to state how this online banter took place in Mississippi, the assertion under Mississippi's long arm statute fails as a matter of law.

**B.  The Assertion of Jurisdiction Violates Due Process**

Independent of this court's analysis under the long arm statute, this Court's exercise of personal jurisdiction over Patricia must comport with the Fourteenth Amendment to the Constitution of the United States. The due process inquiry consists of two considerations: (1) the nonresident defendant must have some minimum contact with the forum resulting from her own affirmative act, and (2) maintenance of the suit must comport with "traditional notions of fair play and substantial justice." *Downrange Operations and Training, LLC v. MGS Sales, Inc.*,

2012 WL 2367681 (S.D. Miss. 2012); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### 1. Minimum Contacts

In order for sufficient "minimum contacts" to be present, the contacts must be purposefully directed toward the state by the defendant. *International Shoe*, 326 U.S. at 319. Under the first prong of the due process analysis, personal jurisdiction may fall under one of two categories: general jurisdiction or specific jurisdiction. *Downrange Operations and Training, LLC,* 2012 WL 2367681, 3 (S.D. Miss. 2012). General jurisdiction requires that the defendant's purposeful contacts with the forum state be substantial, continuous and systematic. *Id.* Specific jurisdiction may exist "where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts. *Downrange Operations and Training, LLC,* 2012 WL 2367681, 4 (S.D. Miss. 2012)*.* In the instant case, there are insufficient contacts to meet either category.

#### a. There are no minimum contacts

The Sixth Circuit has addressed this specific issue in *Blessing v. Chandrasehar*. The lawsuit in *Blessing* originated from the 2019 March for Life rally that involved high school students from the Covington Catholic High School in Kentucky. *Blessing*, 988 F.3d 889, 892 (6th Cir. 2021). As a result of the national media attention surrounding the Covington High students, Sujana Chandrasekhar, a New Jersey doctor, and Kathy Grifin, a California resident, posted comments about the Covington High students. *Id.* The family of the students sued Griffin and Chandrasekhar for civil harassment, harassing communications, menacing, and terroristic threatening, along with invasion of privacy. *Id.* at 893. Griffin and Chandrasekhar filed a motion to dismiss for lack of personal jurisdiction.

The district court dismissed these two defendants and the Sixth Circuit affirmed the dismissal. One of the main focus of the Sixth Circuit's analysis is that minimum contacts depends on the defendant's contacts with the forum and not with the defendant's contacts with the persons who reside in the forum state. *Id.* at 904 (citing *Walden v. Fiore,* 571 U.S. 277, 285 (2014). The Plaintiff cannot be the only link between the defendant and the forum. *Id.* The *Blessing* Court specifically found that the defendants did not have any preexisting relationship with the plaintiffs, they did not take affirmative steps to direct any communication with the plaintiffs or anyone else in Kentucky, they did not avail themselves of the benefits and protections of Kentucky's laws, and there was no evidence that the defendants posted the tweets in hoping to reach Kentucky specifically as opposed to their Twitter followers in general. *Id.* at 906.

Similarly here, the Plaintiff and Defendant have never met each other, there is no evidence that Patricia sought to communicate with anyone in Mississippi, Patricia has not availed herself to the protections of Mississippi law, and the Plaintiff has no evidence that these social media interactions were meant to reach Mississippi specifically and not anyone among their social media followers. The only connection that Patricia has with Mississippi is the Plaintiff. That, as the United States Supreme Court has held, is not sufficient to establish personal jurisdiction. *Walden v. Fiore,* 571 U.S. at 285 (affirming that the plaintiff cannot be the only link between the defendant and the forum).

Because the Plaintiff is the only link between Patricia and the State of Mississippi, this case must be dismissed because there are no minimum contacts to establish personal jurisdiction over Patricia Marshall.

**2. Exercising jurisdiction would violate the traditional notions of fair play and justice**

In addition to determining whether Patricia has sufficient contacts with the State of

Mississippi, this Court must also determine whether exercising jurisdiction of Patricia would violate the notions of fair play and justice. Patricia submits that exercising jurisdiction over her would be unreasonable and unfair. In examining whether exercising jurisdiction is reasonable this Court must consider the relationship between Patricia and Mississippi such that it is reasonable to require Patricia to defend this suit in Mississippi. *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292 (1980). In determining reasonableness the *Woodson* Court gave five factors for courts to consider: 1. The burden on the defendant; 2. The state's interest in adjudicating the dispute; 3. The plaintiff's interest in obtaining convenient and effective relief; 4. The interstate judicial systems interest in obtaining the most efficient resolution of controversies; 5. The shared interest of the several states in furthering fundamental and substantive policies. *Id.*

In the instant case, the burden on the defendant is high. Should this Court exercise jurisdiction over Patricia, this Court would be asking Patricia to travel thousands of miles to litigate a case that arose from online banter. Patricia submits that this case is appropriate for this Court to place a primary concern on the burden to Patricia in light of the other factors. *Id.* Seeing as how all communication between Patricia and Ms. Martin occurred online, Patricia once again argues that there is no purposeful contact with Mississippi. As such, California much like Mississippi has an interest in adjudicating this dispute.

Third, while Martin does have an interest in obtaining effective relief, her convenience does not outweigh the burden Patricia would incur if she were asked to defend this case in this Court. Next, Patricia submits that the interstate judicial system does not have an interest in resolving this conflict. As has been alleged in Martin's complaint, Martin violated several terms and conditions of the online platforms at issue in this case. This issue should be best resolved by the online platforms and not by the Courts, as those forums have a better remedy for resolving

violators, banning, blocking, or suspending accounts, than do the Courts.

Finally, while all states have dealt with online harassments, this issue is not so fundamental and substantive that would require this Court to resolve this issue. Again, the online forums at issue in this case have a more adequate remedy for dealing with online harassment than the Courts could issue in this case.

## IV. CONCLUSION

For these reasons, this Court must dismiss this case.

RESPECTFULLY SUBMITTED, this the 8th day of June, 2021.

**PATRICIA MARSHALL, DEFENDANT**

BY: */s/Christian Medina*
    Christian Medina

OF COUNSEL:
Christian Medina (MSB#105708)
Danks, Miller & Cory
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601/957-3101
Facsimile: 601/957-3160
cmedina@dmcalw.net

7

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing pleading was filed electronically with the Clerk of Court

and served on the following persons using the CM/ECF:

> Wayne E. Ferrell, Jr.
> Law Offices of Wayne E. Ferrell, Jr.
> P.O. Box 24448
> Jackson, MS 39225

This the 8th day of June, 2021.

> */s/Christian Medina*
> Christian Medina