**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ELIZABETH MARTIN**                                              **PLAINTIFF**

**V.**                                              **CAUSE NO. 3:20-CV-460-CWR-LGI**

**PATRICIA MARSHALL**                                              **DEFENDANT**

## ORDER

Elizabeth Martin, a Mississippi resident, sued Patricia Marshall, a California resident, for defamation, invasion of privacy, and infliction of emotional distress. Docket No. 9. Now before the Court is the defendant's motion to dismiss for lack of personal jurisdiction. Docket No. 33. The matter is fully briefed and ready for adjudication. On review, the motion will be denied.

The first question is whether the defendant has waived her personal jurisdiction defense by waiting nearly a year to bring this motion. The answer is no. Because the defendant asserted a lack of personal jurisdiction in her answers to the various complaints, under the applicable federal standard there has been no waiver. *See Mississippi ex rel. Hood v. Entergy Mississippi, Inc.*, No. 3:08-CV-780-CWR-LRA, 2017 WL 2973998, at *1 (S.D. Miss. July 11, 2017) ("[A] party waives an available personal jurisdiction defense by (1) failing to include it in the party's first Rule 12 motion, (2) failing to bring any Rule 12 motion, or (3) failing to include it in an answer or Rule 15(a)(1) amended answer. Any one of these omissions will waive the defense."). That is true despite her participation in this case for approximately a year. *See Classic Motel, Inc. v. Coral Grp., Ltd.*, 149 F.R.D. 528, 531 (S.D. Miss. 1993).

The next question is whether the plaintiff has satisfied the familiar test for personal jurisdiction. *See Lubin v. Delta Airlines, Inc.*, No. 3:14-CV-648-CWR-FKB, 2015 WL 4611759, at *2 (S.D. Miss. July 31, 2015) (reciting test).

First, Mississippi's long-arm statute is satisfied because the actual injuries alleged to have been suffered by the plaintiff occurred in this state. *See Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) ("[I]f the injury occurs in this State then, under the . . . statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.").

Second, the plaintiff must establish that the exercise of personal jurisdiction is consistent with the Due Process Clause of the U.S. Constitution. Where, as here, only specific jurisdiction has been invoked, the legal standard is as follows:

> (1) Did the defendant have minimum contacts with the forum state—purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?
>
> Procedurally, the party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant. When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, however, the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor.

*Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999) (citations omitted).

Under the applicable legal standard, the plaintiff has indeed made a prima facie showing of personal jurisdiction. A review of the available evidence—an affidavit by the plaintiff, discovery responses, and a selection of the messages at issue—suggests that the defendant intentionally and purposely wished her actions and words to impact the plaintiff in Mississippi. These are minimum contacts "that the defendant [her]self creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation marks and emphasis omitted). These contacts are also unlike those in the defendant's proffered online speech case, *Blessing v. Chandrasekhar*,

where defendants were *not* subject to personal jurisdiction in Kentucky because they never

"directed their tweets to anyone in the forum." 988 F.3d 889, 904 (6th Cir. 2021).

This is not just a case about malicious tweets read in a far-off state: the defendant is

alleged to have affirmatively contacted persons associated with the plaintiff, encouraging them to

make false reports about the plaintiff in Mississippi. *See* Docket No. 38-2 at 5. And in this

circuit,

> When a nonresident defendant commits a tort within the state, *or an act outside
> the state that causes tortious injury within the state*, that tortious conduct amounts
> to sufficient minimum contacts with the state by the defendant to constitutionally
> permit courts within that state, including federal courts, to exercise personal
> adjudicative jurisdiction over the tortfeasor and the causes of actions arising from
> its offenses or quasi-offenses. Even an act done outside the state that has
> consequences or effects within the state will suffice as a basis for jurisdiction in a
> suit arising from those consequences if the effects are seriously harmful and were
> intended or highly likely to follow from the nonresident defendant's conduct.

*Alpha Cognetics LLC v. Blouch*, No. 3:18-CV-440-CWR-FKB, 2018 WL 11236199, at *1 (S.D.

Miss. Aug. 28, 2018) (quoting *Guidry*, 188 F.3d at 628). Under the circumstances, it would

neither be unreasonable nor unfair for the defendant to defend herself in Mississippi. *See also*

*Calder v. Jones*, 465 U.S. 783, 789 (1984) ("the brunt of the harm, in terms both of respondent's

emotional distress and the injury to her professional reputation, was suffered in California.").

That said, the Court emphasizes that the present legal standard requires all factual

disputes to be resolved in the non-movant's favor. The defendant reserves her right to renew her

motion with appropriate evidence at a later juncture.

The motion is denied.

**SO ORDERED**, this the 4th day of August, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE