IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELIZABETH MARTIN                                                                       PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:20-cv-00460-CWR-LGI

PATRICIA MARSHALL                                                                   DEFENDANT

PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS FOR PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY

Plaintiff, Elizabeth Martin, files this her Brief in support of her Motions for Preliminary Injunction, Permanent Injunction, and Motion for Partial Summary Judgment on the Issue of Liability and would show unto the Court the following:

**I. BACKGROUND**

Plaintiff, Elizabeth Martin, to the best of her knowledge, has never met the Defendant, Patricia Marshall, and has had only limited contact with Patricia Marshall. Elizabeth Martin has generally lived her life in a peaceful manner and has not ever disparaged the lives or reputations of any individuals.

Despite the fact that Elizabeth Martin does not know Patricia Marshall, and had only limited contact with Patricia Marshall, Patricia Marshall on multiple occasions (beginning in January 2018 and continuing through October 7, 2021), posted disparaging and abusive remarks about Plaintiff on several online social media platforms. Defendant, Patricia Marshall, posted photos of Plaintiff online on multiple occasions, violating and invading Elizabeth Martin's right to privacy and intentionally inflicting emotional distress to Elizabeth Martin. Plaintiff was demeaned and insulted by the Defendant several times this way, and this caused Plaintiff a great deal of stress and anxiety, as she worried that Defendant would manipulate the photos in a vulgar

and inappropriate way. Defendant posted an unfavorable photo of Plaintiff on Defendant's Tumblr blog on November 11, 2019, further causing the Plaintiff anxiety as the Plaintiff's private photos were posted by the Defendant without the Plaintiff's permission, with insulting and demeaning captions and manipulated to insult and defame the Plaintiff. Defendant created an Instagram account on January 3, 2020, for the sole purpose of further intentionally inflicting emotional distress and defaming Plaintiff. On this Instagram account, Defendant intentionally posted photos of Plaintiff and various social media posts of Plaintiff without Plaintiff's permission, defaming the Plaintiff's character. This caused Plaintiff mental anguish, as Defendant demeaned and insulted Plaintiff's appearance, belittled Plaintiff's relationships, and captioned the photos with insulting, harmful, and untrue statements. This was also a violation of Instagram's Community Guidelines, which prohibit the posting of photos that one does not own, and prohibits the infringement on intellectual property rights. A copy of Instagram's Terms of Service and/or Community Guidelines are included as Exhibit "C" attached to Plaintiff's Motion and incorporated herein by reference.  On May 29, 2020, among other things, Defendant posted screen shots of Plaintiff's Twitter account onto Defendant's Twitter account, and added insulting, vulgar, disgusting, disparaging, and racially-charged remarks, further harassing Plaintiff. The posting of these photos violated Elizabeth Martin's right to privacy and violated the Terms of Service and Community Guidelines for each respective online social media platform. Copies of the platforms' Terms of Service and/or Community Guidelines are included as Exhibit "C" attached to Plaintiff's Motion and incorporated herein by reference.  Copies of the posts are included as Exhibit "E" attached to Plaintiff's Motion and incorporated herein by reference.

Defendant also brought harm to Plaintiff and further invasion of her privacy by posting Plaintiff's personal information online, defaming Plaintiff and encouraging others to do her (Plaintiff) harm. On February 7, 2018, Defendant posted Plaintiff's full name, age, undergraduate college name, and degree path on Twitter, and requested another poster to "expose" Elizabeth Martin on Twitter. The Twitter post also contained photos of Plaintiff similarly used without Plaintiff's permission. Copies of the Twitter post are included in Exhibit "A" attached to Plaintiff's Motion and incorporated herein by reference. This intentional infliction of emotional distress caused Plaintiff worry; caused her to fear for her (Plaintiff's) safety; caused her concern for interference with her (Plaintiff's) legal career; caused gross distraction from her law school studies, and subsequently her preparation for the Mississippi Bar Exam, resulting in her failure to pass the exam.

Defendant called Plaintiff's mother and sent a message to Plaintiff's father on November 16, 2019. Defendant obtained Plaintiff's parents' private cell phone numbers and repeatedly called and harassed Plaintiff's mother on November 16, 2019. Plaintiff's mother, when she answered the telephone, was subjected to an onslaught of verbal abuse from Defendant. In the phone call, the Defendant made numerous profanities, and threatened to get Plaintiff "kicked out of her school in Mississippi." This intentional infliction of emotional distress and violation of Plaintiff's right to privacy caused Plaintiff worry; caused her to fear for her (Plaintiff's) safety; caused her to fear for Plaintiff's parents' safety; caused her concern for interference with her (Plaintiff's) legal career; and caused gross distraction from her bar exam studies.

Defendant posted libelous and defamatory statements about Plaintiff's character online on August 30, 2019, March 8, 2018, February 7, 2018, and numerous other occasions. On August

30, 2019, Defendant posted private conversations involving Plaintiff online with intent to defame Plaintiff's character. On multiple occasions, Defendant defamed Plaintiff through online social media posts, and inflicted emotional distress by posting Plaintiff's private, personal information. Additionally, the Defendant and the Defendant's friend have posted tweets falsely stating that the Plaintiff engages in prostitution; such statements constitute libel per se, as they falsely accuse the Plaintiff of engaging in immoral behavior and/or criminal activities. This intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of Plaintiff's right to privacy caused Plaintiff worry and emotional distress.

Since January 2018, Defendant has continuously harassed, threatened, defamed, and violated Plaintiff's right to privacy, with no indication of stopping. On December 3, 2019, Plaintiff's attorney mailed Defendant a cease and desist letter (a copy of which is attached to Plaintiff's Motion as Exhibit B) insisting and demanding that the Defendant cease the malicious and libelous conduct. Despite Plaintiff's attorney's letter, the Defendant continued with the defamatory conduct and intentional infliction of emotional distress and negligent infliction of emotional distress. The instances of harassment on January 3, 2020, and May 29, 2020, both occurred after Defendant received the cease and desist letter, and Defendant verified that she did not have any intention of ceasing her conduct and postings. A copy of attorney Wayne Ferrell's letter dated December 3, 2019, is attached to Plaintiff's Motion as Exhibit "B" and is incorporated herein by reference.

Defendant has continued to post about Plaintiff on Defendant's social media accounts, as recently as October 7, 2021.

## II. UNDISPUTED FACTS

Plaintiff, Elizabeth Martin, to the best of her knowledge, has never met the Defendant, Patricia Marshall, and has had only limited contact with Patricia Marshall. Patricia Marshall on multiple occasions (beginning in January 2018 and continuing through October 7, 2021), posted disparaging and abusive remarks about Plaintiff on several online social media platforms. Defendant, Patricia Marshall, posted photos of Plaintiff online on numerous occasions, including posting an unfavorable photo of Plaintiff on Defendant's Tumblr blog on November 11, 2019. On May 29, 2020, among other things, Defendant posted screen shots of Plaintiff's Twitter account onto Defendant's Twitter account, and added insulting, vulgar, disgusting, disparaging, and racially-charged remarks, further harassing Plaintiff. In these posts, Defendant falsely called the Plaintiff a Nazi, which is dangerous to the Plaintiff's career as a lawyer, and a "dumb no lip having ass hoe," insulting the Plaintiff's appearance.

On February 7, 2018, Defendant posted Plaintiff's full name, age, undergraduate college name, and degree path on Twitter, and requested another poster to "expose" Elizabeth Martin on Twitter. The Twitter post also contained photos of Plaintiff similarly used without Plaintiff's permission. Defendant posted libelous and defamatory statements about Plaintiff's character online on August 30, 2019, March 8, 2018, February 7, 2018, and numerous other occasions.

Since January 2018, Defendant has continuously threatened, defamed, and violated Plaintiff's right to privacy, with no indication of stopping. On December 3, 2019, Plaintiff's attorney mailed Defendant a cease and desist letter, insisting and demanding that the Defendant cease the malicious and libelous conduct. Despite Plaintiff's attorney's letter, the Defendant continued with the postings and her abusive behavior of the Plaintiff, Elizabeth Martin. The instances of harassment on January 3, 2020, and through October 7, 2021, occurred after

Defendant received the cease and desist letter, and Defendant confirmed through continued harassment that she did not have any intention of ceasing her conduct and postings.

Since the beginning of this lawsuit, the Defendant has continued to post about the Plaintiff and about the lawsuit on the Defendant's social media, and the Defendant has admitted to the postings in her responses to Plaintiff's Requests for Admissions.

### III. PARTIES

Plaintiff, Elizabeth Martin, is an adult resident citizen of Jackson, Mississippi, whose address is 405 Tombigbee Street, Jackson, Mississippi 39201.  She brings this action pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Defendant, Patricia Marshall, is an adult resident citizen of Fresno, California, whose address is 6002 W. Fallon Ave., Fresno, California 93722.

### III. RELATIONSHIP BETWEEN THE PARTIES

The parties have not had substantial interaction with each other. Both parties were once in Plaintiff's public Discord server prior to January 2018, before Defendant was removed from the server due to violating the rules of the server. After being removed from the Discord server, Defendant began to post about Plaintiff on social media.

Between January 2018 and October 2018, both Plaintiff and Defendant attempted to reconcile on several occasions, but Defendant ultimately continued to post about Plaintiff on social media. The parties have not met in person, and besides conversing through Discord in 2018, have not had any contact with each other.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Forbes v. Hixson (In re Estate of St. Martin)*, 145 So. 3d 1124, 1128 (Miss. 2014) (internal quotation omitted). Further, "the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id*. (Internal quotation omitted). "Summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. *Id*. (Internal quotations omitted).

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56C).  Summary Judgment is appropriate where there is no genuine issue of material fact, and therefore, reasonable minds cannot differ as to the disposition of the issues presented for review.  *Brumfield v. Lowe,* 744 So.2d 383 (Miss. App. 1999).

The moving party for Summary Judgment bears the initial burden and responsibility of informing the Court of the basis for its Motion and identifying those

portions of the record in the case, which it believes demonstrate the absence of a genuine issue of material fact. *Galloway v. Travelers Insurance Company* 515 So. 2d 678 (Miss. 1987). The movant need not, however, support the motion with material that negate the opponent's claim. *Id.* As to the issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-party's claim. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue of material fact." *Id.*

## V. SUMMARY OF ARGUMENT

Beginning in January 2018 and continuing through May 4, 2021, Patricia Marshall, on multiple occasions, posted disparaging and libelous remarks about Plaintiff on several online social media platforms, including, but not limited to, Twitter, Tumblr, Facebook, Discord, and Instagram. Patricia Marshall continued to harass and defame Plaintiff, Elizabeth Martin, after Patricia Marshall received a cease and desist letter from Plaintiff's attorney sent on December 3, 2019. Patricia Marshall has continued to make harassing and disparaging social media posts about Plaintiff, Elizabeth Martin, as recently as June 29, 2021, since this suit was filed.

In order to protect the privacy of the Plaintiff, Elizabeth Martin, to prevent permanent and irreparable harm to Elizabeth Martin, to protect the integrity of this case, and to protect the evidence in this case, she needs a preliminary and permanent injunction enjoining the Defendant, Patricia Marshall, from posting about Plaintiff on any social media platform, enjoining Patricia Marshall from contacting Elizabeth Martin, enjoining Patricia Marshall from contacting

Elizabeth Martin's mother and father, and enjoining Patricia Marshall from contacting Elizabeth Martin's friends, boyfriend, and former boyfriends. Further, Plaintiff respectfully requests that Patricia Marshall be directed to refrain from posting about Plaintiff on social media platforms, including, but not limited to, Twitter, Instagram, Discord, Tumblr, Facebook, Reddit, and any other social media platform.

For the foregoing and other reasons more fully argued below, the preliminary and permanent injunction should be granted.

## VI. ARGUMENT

Rule 8 of the Mississippi Rule of Civil Procedure establishes that for a complaint to be sufficient, it must contain a short, plain statement demonstrating that the plaintiff is entitled to relief, and a demand for judgment. Miss. R. Civ. P. 8. In addition, the comment to Rule 8 states that the purpose of Rule 8 is to give a defendant notice of the plaintiff's claims. Id. Further, such comment provides that a plaintiff need not state facts and narrow the issues, which was required in prior practice. Id.

In the instant case, the Plaintiff, by and through her Motion for Preliminary and Permanent Injunction, provide the Defendants with "fair notice" of her claims and requests for relief. See Elkins v. McKenzie, 865 So. 2d 1065 (Miss. 2003). Plaintiff's Motion for Preliminary and Permanent Injunction, states in detail the nature of the Defendant's improper conduct and the specific torts at issue as a result of Patricia Marshall's conduct. Accordingly, the Plaintiff's Motion for Preliminary and Permanent Injunction complies with the requirements of Rule 8 of the Mississippi Rules of Civil Procedure.

The criteria for the issuance of a preliminary injunction in this Court are well established namely, the plaintiff must make a showing of (a) irreparable harm and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief. Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp., 719 F.2d 42, 45, 5 Int'l Trade Re. (BNA) 1209 (2d Cir. 1983).

Plaintiff intends to retake the Mississippi Bar Exam, expectantly receiving a passing grade, in turn being admitted to the Mississippi Bar Association. Plaintiff also intends to find employment in the legal field after passing the Bar Exam. The Mississippi Bar and potential legal employers will very likely investigate the Plaintiff, and the vulgar statements will be attributed to Elizabeth Martin. Defendant has admitted to posting pictures of Plaintiff without Plaintiff's permission, and has used Plaintiff's full name and undergraduate college name in prior social media posts. Defendant's social media postings directed towards and about Plaintiff could easily turn up during an investigation of the Plaintiff.

Plaintiff was so distracted and aggrieved by the Defendant's actions, that her studying for the Mississippi Bar was impacted, and she was not able to pass the exam in July of 2021, causing her irreparable harm. Plaintiff also began seeing a psychiatrist over the summer, Dr. Maria Scarbrough, who had Plaintiff attend psychiatry sessions twice a week, because she was so concerned about Plaintiff's mental health due to the bar exam and stress from Plaintiff's life, including the constant harassment by the Defendant. The Defendant's actions and constant abuse caused Plaintiff a great deal of stress and anxiety, which had a negative impact on her studying for the bar exam, and as a result she has suffered irreparable harm.

In addition, in the phone call Defendant made to Plaintiff's mother, Defendant threatened to get Plaintiff kicked out of law school. Defendant also encouraged one of Plaintiff's ex-boyfriends to contact Plaintiff's law school. Defendant has also contacted two of Plaintiff's ex-boyfriends after this suit was filed.

Defendant has continued to post about Plaintiff since the filing of this lawsuit and shows no indication of stopping. In Defendant's Responses to Plaintiff's Requests for Admissions, Defendant admitting to having posted every single exhibit that was a social media posting made by Defendant about Plaintiff; each of these admitted exhibits was a social media post made since the filing of the lawsuit. Copies of these admitted social media posts are attached to Plaintiff's Motion as Exhibit "A" and incorporated herein by reference. A copy of Patricia Marshall's Responses to Requests for Admissions is attached to Plaintiff's Motion as Exhibit "D" and incorporated herein by reference.

Defendant continues to interfere with Plaintiff's life, and has not made any sign of stopping. Plaintiff's career is at risk, because Defendant repeatedly posts about Plaintiff on social media, sometimes with a screen shot of something said by Plaintiff or with a picture of Plaintiff taken out of context and used without Plaintiff's permission. Copies of such posts are included in Exhibit "E" attached to Plaintiff's Motion and incorporated herein by reference Defendant's obsessive and abusive behavior puts Plaintiff at risk of irreparable harm, if it is not stopped.

Plaintiff's case has a substantial likelihood of success on the merits, since the Defendant, Patricia Marshall, admitted that she made the posts, and the documents attached hereto are proof of Defendant's constant harassment of Plaintiff. Additionally, as previously stated, Defendant has

admitted to having posted several postings on social media, as well as posting pictures of Plaintiff online without Plaintiff's permission.

Defendant has also failed to stop posting about Plaintiff on social media since the filing of this suit. As recently as August 5, 2021, Defendant has posted about Plaintiff on Defendant's Twitter. The Defendant, Patricia Marshall, has also coerced her friend, Catrina Saye, to post about the Plaintiff on Catrina's Twitter account in the Defendant's stead. Catrina admitted to "tweeting on behalf of a friend" after tweeting remarks about the Plaintiff. Copies of these tweets are attached to Plaintiff's Motion as Exhibit "E" and incorporated herein by reference. Defendant shows no sign of halting this obsessive, abusive behavior without direction and orders from the Court.

In addition, Defendant and Defendant's friend, Catrina Saye, began posting on social media accusing the Plaintiff of prostitution and other illegal and immoral acts. Copies of these tweets are attached to Plaintiff's Motion as Exhibit "E" and incorporated herein by reference. At common law, any written or printed language which tends to injure one's reputation, and thereby expose him or her to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se. *Conroy v. Breland*, 185 Miss. 787, 189 So. 814, 815 (1939). Accusations of a crime, immoral acts, inability to perform their profession, having a loathsome disease (like syphilis) or dishonesty in business also constitute libel per se, as they are harmful on their face and can have an impact on the person being targeted. Accusing the Plaintiff of prostitution constitutes libel per se, as it is absolutely harmful on its face and could injure her reputation, and thereby expose her to public hatred, contempt or ridicule, degrade her in society, lessen her in public esteem or lower her in

the confidence of the community, interfere with her law school studies, interfere with her studies for the bar exam, and interfere with her ability to obtain an associate's position with a reputable law firm. This is doubly injurious to the Plaintiff, as she seeks admission to the Mississippi Bar Association as a practicing attorney.

In the present case, it is without dispute that the Defendant, Patricia Marshall, continuously invades the Plaintiff's privacy, makes slanderous and libelous statements about Elizabeth Martin, and interferes with the Plaintiff's life and well-being. By Defendant's own admissions, Defendant has posted photos of Plaintiff without Plaintiff's permission, posted Plaintiff's private information on social media, and posted numerous disparaging and abusive remarks about Plaintiff on social media. Defendant has also contacted Plaintiff's ex-boyfriend, Alex Acevedo, requesting that he also engage in abusive behaviors directed towards the Plaintiff; Defendant has engaged in libel per se, falsely accusing the Plaintiff of illegal and immoral acts. Screenshots of the conversations with Alex Acevedo are attached to Plaintiff's Motion as Exhibit "H" and incorporated herein by reference. The bottom line is that there is no dispute of fact, Patricia Marshall was willful and negligent, and her actions are the proximate cause of the Plaintiff's injuries and damages, and the Plaintiff is entitled to a Motion for Partial Summary Judgment on the issue of liability of Patricia Marshall, as well as a Motion for Preliminary and Permanent Injunction preventing Patricia Marshall from continuing to post about the Plaintiff on social media.

In support of Plaintiff's Motion, Plaintiff submits the Affidavit of Elizabeth Martin, which is  attached to Plaintiff's Motion as Exhibit "I" and incorporated herein by reference.

## VII. CONCLUSION

Given this, Plaintiff has established a likelihood of success on the merits and has established that she will suffer irreparable harm if the Motion for Preliminary and Permanent Injunction are not granted. Defendant continues to interfere with Plaintiff's life and cause damage to Plaintiff, and Plaintiff requests the Court for relief. For the foregoing reasons, the preliminary injunction and permanent injunction and motion for partial summary judgment should be granted.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for a Motion for Partial Summary Judgment as well as a Preliminary and Permanent Injunction enjoining and prohibiting the Defendant, Patricia Marshall, from naming the Plaintiff in social media posts, directing social media posts towards the Plaintiff, Elizabeth Martin, and/or posting about the Plaintiff on any social media platform; and prohibiting the Defendant, Patricia Marshall, from posting anything about Plaintiff on social media platforms, including, but not limited to, Twitter, Instagram, Discord, Tumblr, Facebook, TikTok, and Reddit; prohibiting the Defendant, Patricia Marshall, from posting the Plaintiff's name, picture, or anything about the Plaintiff on any social media platform, including, but not limited to, Twitter, Instagram, Discord, Tumblr, Facebook, TikTok, and Reddit; and prohibiting Patricia Marshall from any direct or indirect contact whatsoever with Elizabeth Martin or Elizabeth Martin's mother, father, or family.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Elizabeth Martin, respectfully requests the Court to enter an Order on her Motion for a Partial Summary Judgment on the Issue of Liability; and an Order Granting Temporary and Permanent Injunction prohibiting Patricia Marshall from posting about Elizabeth Martin, contacting Elizabeth Martin, contacting Elizabeth

Martin's mother and father, and contacting Elizabeth Martin's friends, boyfriend, and former boyfriends.

 Respectfully submitted, this the 4th day of November, 2021.

            PLAINTIFF

          By: /s/ Wayne E. Ferrell, Jr.
             WAYNE E. FERRELL, JR.

OF COUNSEL:
WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700
Fax (601) 969-7514
wferrell@airlawonline.com

## CERTIFICATE OF SERVICE

 I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

 This the 4th day of November, 2021.

          By: /s/ Wayne E. Ferrell, Jr.
             WAYNE E. FERRELL, JR.