**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ELIZABETH MARTIN**                                                                                  **PLAINTIFF**

**v.**                                      **CAUSE NO. 3:20-cv-460-CWR-LGI**

**PATRICIA MARSHALL**                                                       **DEFENDANT**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HER**
**MOTION FOR SUMMARY JUDGMENT**

Comes now, Patricia Marshall and files this her motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and would state to wit

**INTRODUCTION**

This action arises out of political disagreements on social media. The parties here live in different states and have never met in person. The Plaintiff, Elizabeth Martin, lived in Louisiana and attended school at Louisiana Tech until she began attending law school in Mississippi. The Plaintiff posted such information on her Facebook page. The Defendant, Patricia Marshall, lives and resides in California. Both only know of each other through Twitter, Discord, and other social media avenues.

The discovery period is complete, and there are many questions that remain unknown. It is unknown how the parties met and who began the online banter. The only information available are: (1) the general allegations in the Amended Complaint; (2) the answers in the Interrogatories, and (3) screenshots of posts from different social media outlets.

What is known is that the Plaintiff alleges the following causes of action: negligent infliction of emotional distress, invasion of privacy, defamation/libel, and intentional infliction of emotional distress. The facts at this stage of these proceedings are insufficient to create a genuine

issue of material fact to support each of the Plaintiff's causes of actions as a matter of law. For example, the Plaintiff alleges negligent infliction of emotional distress but fails to state negligence and physical harm; the Plaintiff alleges invasion of privacy stemming from the posting the Plaintiff's name, school, and city of residence yet she fails to recognize that her own public Facebook page contains the very information she claims is private; the plaintiff alleges intentional infliction of emotional distress but the alleged actions only arise to the level of annoyance and insults; finally, the Plaintiff alleges defamation, but there is no indication as what specific statement was defamatory. No genuine issue of a material fact exists and summary judgment should be granted in the Defendant's favor.

## PERTINENT FACTS

1. It is alleged that the two parties have never met, but, that beginning in January of 2018, the Defendant began to post "disparaging and libelous remarks about [the] Plaintiff on several media platforms." However, those libelous remarks remain unknown.

2. It is alleged that the Defendant posted photos and "manipulated photos" on Defendant's Tumbler blog." In doing so, the Plaintiff concludes that the Defendant violated the Plaintiff's right to privacy.

3. It is alleged that the Defendant created an Instagram account to defame the Plaintiff, but fails to show that the Defendant was directly involved with creation of this account. There is also no facts to show what posts or remarks were defamatory.

4. The Plaintiff alleges that the Defendant posted the name, age undergraduate college name, and degree path on Twitter, but this information is available on the Plaintiff's Facebook page for the public to see.[1]

---

[1] See Exhibit A, Plaintiff's Facebook Profile Page

5. The Plaintiff alleges that the Defendant has made attempts to defame, but the record is unclear and there are no specific statements in the record which the Plaintiff states are defamatory.

6. The Plaintiff alleges damages suffered, but she has not suffered in her educational career, she has not suffered in her professional career, there has been no damage to her reputation, there has been no monetary damage, and she has not been hurt physically. The only harm the Plaintiff claims is worry, stress, and paranoia.

7. Given these deficiencies in the record and for the reasons set forth below, summary judgment in favor of the Defendant is appropriate.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

**ARGUMENT**

*1. Plaintiff's emotional distress claims fail as a matter of law.*

The record remains unclear and the Plaintiff's pleadings provide no material facts to support both of the Plaintiff's emotional distress claims. The Plaintiff does not allege any negligent acts, but nonetheless makes a claim for negligent infliction of emotional distress. The Plaintiff alleges mental anguish, but fails to allege any physical injury. The Plaintiff also alleges intentional acts, but lumps in negligent infliction of emotional distress with those intentional acts.

There are two possible avenues under emotional distress in Mississippi: (1) where the emotional distress is the result of negligence; and (2) where the emotional distress is the result of an outrageous conduct. *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 64-65 (Miss. 2004). When proceeding under negligence, a plaintiff may not recover without proving some sort of physical manifestation of injury or demonstrable physical harm. *Id.* at 64(finding insufficient evidence to support a claim for emotional distress under negligence where there was no physical injury); *Morrison v. Means*, 680 So.2d 803(Miss. 1996) *rev'd on other grounds*(loss of sleep was insufficient to support emotional distress claim where there was no physical injury); *Strickland v. Rossini*, 589 So. 2d 1268 (Miss. 1991)(holding that being very depressed, emotional, and loss of sleep was insufficient for mental anguish under negligence without physical injury). Here, there are no physical injuries, and the Plaintiff has yet to produce any evidence of physical harm. Without a physical injury, the Plaintiff's claim lacks any merit. As such, there is no genuine issue of a material fact, and the Defendant is entitled to summary judgment on the negligent infliction of emotional distress claim.

For intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct is "wanton and willful" that it evoked "outrage or revulsion." *Speed v. Scott*, 787 So.2d

626, 630 (Miss. 2001)(employer's repeated references to plaintiff as liar and thief did not constitute claim for intentional infliction of emotional distress). Under Mississippi law liability does not extend to "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 85 (Miss.2004)(holding that racial remarks by an employer did not rise to the level of intentional infliction of emotional distress).

Here, the Plaintiff claims that the "Defendant implied that the Plaintiff engages in prostitution." However, the very posts the Plaintiff claims are about her never mention her name.[2] While the posts themselves are crude, it is only speculation for the Plaintiff to claim that they are about her. The Plaintiff alleges that the Defendant posted personal information, but the Plaintiff herself lists her personal information on her Facebook page. The posts are nothing more than mere annoyances and insults. However crude these posts may be, as a matter of law, it does not rise to the level of outrage or revulsion. The Plaintiff claims that these damages caused her to suffer stress, paranoia, but this is insufficient to be a genuine issue of fact for trial.

Furthermore, the Plaintiff has claimed damages, but there is no admissible evidence that her educational career was hurt, there is no admissible evidence that her professional career was hurt, and there is no admissible evidence the Plaintiff suffered any monetary damages.[3] The Plaintiff has not provided any admissible evidence other than mental anguish. As a matter of law, the Plaintiff has failed to create a genuine issue of fact for trial. As such her intentional infliction of emotional distress claim fails, and summary judgment should be granted in favor of the Defendant.

---

[2] Exhibit B, Screenshot of Tweets
[3] Exhibit C, Answers to Interrogatories

### 2. Plaintiff's claim of defamation also fails as a matter of law.

The Plaintiff has failed to raise a genuine issue of fact with regards to any of the elements of defamation. Defamation claim consists of four elements: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability irrespective of special harm or existence of special harm caused by the publication. *Humphries v. Virlilia Road Conservation Group LLC*, 276 So.3d 1272, 1277 (Ct. App. Miss. 2018). The Plaintiff's pleadings are general at best. Her Interrogatory and productions of documents are just as unspecific. As it stands, the Plaintiff has failed to claim what the defamatory statement is. The Defendant and the Court are left to guess what these statements are. The Plaintiff refers to insults and threats, but gives no other context. With regards to the third element, the Plaintiff has also failed to provide any facts regards to fault. Given that there is a serious lack of information, the Defendant is entitled to summary judgment as a matter of law.

### 3. Plaintiff's claim of invasion of privacy fails as a matter of law.

The Plaintiff makes a blanket claim of invasion of privacy, but fails to state which of the four sub-torts under invasion of privacy she is alleging. While the Plaintiff makes various assertions regarding an invasion of a right to privacy in her Complaint and in her Interrogatory responses, they do not, as a matter of law, satisfy the requirements under invasion of privacy. As this Court is well aware, invasion of privacy contains four sub-torts: (1) the intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. *McCorkle v. McCorkle*, 811 So.2d 258, 268 (Miss. 2001).

It still remains unclear, through her pleadings, which sub-tort the Plaintiff is claiming. For the first sub-tort, there is the no liability unless the interference with plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. *Candebat v. Flanagan*, 487 So.2d 207, 209 (Miss. 1976). This an online banter, online banters on social media are viewable to the public so the Plaintiff is unable to show that her seclusion was interfered with.

In order to prevail on a claim based on appropriation of one's likeness for commercial gain, a plaintiff must show that the defendant: (1) appropriated his name or likeness, (2) without consent, (3) for use in a commercial enterprise. *Brasel v. Hair Co.*, 976 So.2d 390, 392 (Miss. Ct. App. 2008). This is case stems from online banter and there is no admissible evidence that any of the Plaintiff's likeness was used for commercial gain.

Under the third sub-tort, public disclosure of a private fact, the Plaintiff must show that the matter publicized is of a kind that: (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. *Young v. Jackson*, 572 So.2d 378, 382 (Miss. 1990). If the Plaintiff had pled this sub-tort, it would fail as a matter of law. The Plaintiff's Interrogatory response stated that the Plaintiff posted the full name, undergraduate college name, age, and degree path. However, the Plaintiff fails to acknowledge that the very information she claims was private, the Plaintiff posted on her Facebook page. The Plaintiff's Facebook profile page contains her full name, the universities she attended, the high school she attended, and the city where she was born. The Plaintiff herself produced this "private information," but now claims that disclosing public information is somehow an invasion of privacy. This information was public and not private. As such, this sub-tort fails as well.

The elements of placing a person in false light is: (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Cook v. Mardi Gras Casino Corp*., 697 So.2d 378, 382 (Miss. 1997). Much like the other claims and in her defamation claim, the Plaintiff has failed to produce any genuine issue of fact with regards to this sub-tort. Given the lack of admissible evidence for this sub-tort, the Defendant is entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons previously stated, this Court summary judgment should be granted in the Defendant's favor.

RESPECTFULLY SUBMITTED, this the 4th day of November, 2021.

**PATRICIA MARSHALL**, **DEFENDANT**

BY: */s/Christian Medina*
    Christian Medina

OF COUNSEL:
Christian Medina (MSB#105708)
Danks, Miller & Cory
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601-957-3101
Facsimile: 601-957-3160
cmedina@dmcalw.net

## CERTIFICATE OF SERVICE

I hereby certify the foregoing pleading was filed electronically with the Clerk of Court and served on the following persons using the CM/ECF:

    Wayne E. Ferrell, Jr.
    Law Offices of Wayne E. Ferrell, Jr.
    P.O. Box 24448

Jackson, MS 39225

This the 4th day of November, 2021.

                                              */s/Christian Medina*
                                              Christian Medina