## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ELIZABETH MARTIN                                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:20-cv-00460-CWR-LGI

PATRICIA MARSHALL                                                  DEFENDANT

### PATRICIA MARSHALL'S REBUTTAL OF PLAINTIFF'S RESPONSE

1.      **Plaintiff Improperly Relies on Her Attachments as Opposed to the Pleadings**

The Plaintiff is under the wrong impression that she laid out her claims from the attachments produced through discovery. As this Court knows, when considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). There is a two-step process when considering a motion to dismiss:  First, the court must accept as true all of the allegations contained in a complaint . . . . *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. It is important, however, to remember that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

Here, the Plaintiff seeks to benefit from discovery because her complaint is deficient. Rather than addressing and defend her allegations, the Plaintiff is instead attempting to rely on the attachments produced in discovery. If the Plaintiff's allegations had any merit and were not conclusory, it would not be necessary to add any attachments because the allegations are accepted as true. Yet, the Plaintiff cannot do this because her Complaint is deficient under the federal rules.

The Plaintiff had an opportunity when she amended her Complaint to add any exhibits she felt were important to her complaint. Instead, she only chose to attach the letter from her attorney

1

that was sent to the Defendant. [ECF Doc. # 9-1]. The Plaintiff should not be allowed rely on documents produced in discovery to survive a motion to dismiss, especially where her complaint is deficient. Allowing her to do so would be contrary to Rule 8 of the Federal Rules of Civil Procedure, and it would go against precedent followed by the *Iqbal* Court. Therefore, the Defendant asks this Court to dismiss this case.

### 2.   Plaintiff's Claims Are Short, Conclusory, and Repetitive

The Plaintiff argues that her Complaint is short and concise, but it is not. Rather it is short and conclusory. In an attempt to evade this the Plaintiff seeks to rely on attachments to clarify the pleadings. Being unable to do so, the Plaintiff then moves on to defend her prolixious complaint, which also fails.[1]

Count I Paragraph 6 of the Complaint states that the Defendant "posted photos of Plaintiff online on numerous occasions, violating and invading Elizabeth Martin's right to privacy. . . ." [ECF Doc. # 9 at 5]. Paragraph 7 states that the Defendant "further invaded [the Plaintiff's] privacy by posting Plaintiff's personal information online, intending to further defame Plaintiff and encourage others to do her (Plaintiff) harm." [ECF Doc. # 9 at 2]. In paragraph 8, the Plaintiff then states that the Defendant called "Plaintiff's mother and sent a message to Plaintiff's father . . ." and that the Plaintiff's mother "was subjected to an onslaught of verbal abuse . . ." all in "violation of Plaintiff's right to privacy." [ECF Doc. # 9 at 5].

Count II Paragraph 15 of the Plaintiff's Complaint state that the Defendant, "acted maliciously and willfully by exposing Elizabeth Martin's personal information online, with the intent to bring harm to the Plaintiff; by obtaining Plaintiff's parents' phone numbers and calling

---

[1] *Prolixity,* the unnecessary and superfluous stating of facts and legal arguments in pleadings Black's Law Dictionary (4th Pocket Ed. 2006).

and verbally abusing Plaintiff's mother; and by continuously posting content online with the intent to violate Plaintiff's right to privacy and bring her (Plaintiff) harm." [ECF Doc. # 9 at 5].

Despite repeating herself in Count II, the Plaintiff argues that her complaint is not prolixious. Instead, the Plaintiff doubles down and would like for this Court to believe that her complaint is precise. This, however, is not the case. Despite being repetitive the Plaintiff tries to argue the repetitious parts can be ignored. However, the Plaintiff fails to acknowledge that the repetitious portion is Count II of her Complaint. In Count I, she asks for $60,000.00 in damages. In Count II, the plaintiff again asks for $60,000.00 in damages based on the same allegations as Count I. The Plaintiff should not be allowed to proceed with such a deficient complaint. This Court should, therefore, dismiss this superfluous case.

### 3.     Plaintiff Is Seeking to Improperly Amend Her Complaint in Her Response on Her Invasion of Privacy Claim.

The Plaintiff's complaint failed to state which of the four sub-torts under invasion of privacy she chose to pursue. Instead, the Plaintiff made bald invasion of privacy claims throughout her complaint. The Plaintiff only addressed this deficiency when the Defendant pointed it out. The Plaintiff states that the Defendant "correctly provided two of the sub-torts," but it was the Plaintiff's—and not the Defendant's—obligation to do so. Her failure merits a dismissal of this claim. As the Fifth Circuit has long held, where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading. *Anderson v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir.2008). Here, the Plaintiff has failed to satisfy this requirement for several reasons. First, the Plaintiff could not rely on her Complaint to establish any of the four sub-torts. Instead she can only rely on trying to amend her deficient complaint through her response. Second, the Plaintiff had multiple opportunities to amend her Complaint to comply with federal standards before the pleadings were closed. She chose not to do so. Finally, the Plaintiff did amend her complaint but only to amend the amount of damages she was seeking. Given

the ample opportunity the Plaintiff had to correct her deficiencies—which she failed to do—this Court should not allow her to continue with this claim. The Defendant's invasion of privacy claim should be dismissed.

4.     **Plaintiff's Emotional Distress Claims Fails to State a Plausible Claim to Survive a Motion to Dismiss.**

The Plaintiff's emotional distress claims are muddled. There are two possible avenues under emotional distress in Mississippi: (1) where the emotional distress is the result of negligence; and (2) where the emotional distress is the result of an outrageous conduct. *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 64-65 (Miss. 2004). When proceeding under negligence, a plaintiff may not recover without proving some sort of physical manifestation of injury or demonstrable physical harm. *Id.* at 64 (finding insufficient evidence to support a claim for emotional distress under negligence where there was no physical injury); *Morrison v. Means*, 680 So.2d 803 (Miss. 1996) (loss of sleep was insufficient to support emotional distress claim where there was no physical injury) *rev'd on other grounds*; *Strickland v. Rossini*, 589 So. 2d 1268 (Miss. 1991) (holding that being very depressed, emotional, and loss of sleep was insufficient for mental anguish under negligence without physical injury).

The Plaintiff has not properly pled a claim for negligent infliction of emotional distress. The Plaintiff failed to allege any negligent acts in her Complaint. Nonetheless, she makes a claim for negligent infliction of emotional distress. The Plaintiff alleges mental anguish but does not allege any physical injury.

For intentional infliction of emotional distress, a plaintiff must show that the defendant's conduct is so "wanton and willful" that it evoked "outrage or revulsion." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001)(employer's repeated references to plaintiff as liar and thief did not constitute claim for intentional infliction of emotional distress). Under Mississippi law liability does not

extend to "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 85 (Miss.2004)(holding that racial remarks by an employer did not rise to the level of intentional infliction of emotional distress). In an attempt to prevail, the Plaintiff relies on facts outside of the pleadings. Again, a motion to dismiss relies on the sufficiency of the facts in the complaint. *Iqbal*, 556 U.S. at 678. Outside facts should not be considered. The willful conduct that Plaintiff says evokes outrage would be nothing more than insults and annoyances, if anything.

### 5.   The Plaintiff Is Arguing Against Dismissal Based on An Incorrect Standard of Review.

The Plaintiff's response attempting support her defamation claim is puzzling. The Plaintiff states that "[i]n her several affidavits, Plaintiff swears that the statements made by Defendant are false, so unless there is clear evidence to the contrary, Plaintiff's affidavits are considered truth." [ECF Doc. #51 at 11]. The Plaintiff may be under the impression that this is a Rule 56 motion for summary judgment where affidavits and other admissible evidence in the record can be submitted to create a genuine issue of fact, but it is not. This is a motion to dismiss under rule 12(b)(6).

In a motion to dismiss, it is not necessary to include attachments and affidavits to certify the truthfulness of a Complaint because the allegations in a complaint are taken as true. *Iqbal*, 556 U.S. at 678. The only reason that the Plaintiff wants this Court to consider exhibits that were not attached to the complaint is because the Plaintiff's complaint contains nothing more than legal conclusions disguised as facts. This Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 678. Having no facts, the Plaintiff attempts to rely on exhibits and affidavits to salvage her complaint. Given that the Plaintiff's complaint does not state a plausible claim of relief, any evidence that the Plaintiff contends supports her claim must not be considered. For these reasons, this Court should dismiss this case.

PATRICIA MARSHALL, DEFENDANT

BY: */s/Christian Medina*
Christian Medina

OF COUNSEL:
Christian Medina (MSB#105708)
Danks, Miller & Cory
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601-957-3101
Facsimile: 601-957-3160
cmedina@dmcalw.net

## CERTIFICATE OF SERVICE

I hereby certify the foregoing pleading was filed electronically with the Clerk of Court and served on the following persons using the CM/ECF:

Wayne E. Ferrell, Jr.
Law Offices of Wayne E. Ferrell, Jr.
P.O. Box 24448
Jackson, MS 39225

This the 11th day of November 2021.

*/s/Christian Medina*
Christian Medina

6