# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ELIZABETH MARTIN**                                                                                    **PLAINTIFF**

**v.**                                                                                    **CAUSE NO. 3:20-cv-460-CWR-LGI**

**PATRICIA MARSHALL**                                                                                    **DEFENDANT**

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO SEAL

Comes now, Patricia Marshall and files this her memorandum in opposition to the Plaintiff's motion to seal and would state to wit:

## INTRODUCTION

The Plaintiff filed a motion to seal but failed to file a supporting memorandum as required by the local rules. The Plaintiff's motion fails on its face various reasons including: (1) Not describing what she seeks to be sealed; (2) Failing to specifically request to limit access under Local Rule 79(B)(1)-(3): (3) Failing to detail why sealing is necessary and why limiting access is necessary; and (4) Failing to cite to supporting case law to grant a seal. All of these deficiencies are critical, and the Defendant, Patricia, objects to the Plaintiff's attempt to seal the record.

## LEGAL STANDARD

The United States Supreme Court has previously held that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); L.U.Civ.R. 76(a) (court records are presumptively in the public domain). This is an important right, as citizen inspection of court records can uncover abuses of the judicial system. *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (citation omitted). For this reason,

courts in the Southern District of Mississippi require "clear and compelling reasons" to shield a document from public view. L.U. Civ. R. 79(b); *see also United States v. Apothetech RX Specialty Pharmacy Corp.*, No. 3:15-CV-00588-CWR-FKB, 2017 WL 1100818, at *1 (S.D. Miss. Mar. 20, 2017) (Reeves, J.).

## **RELEVANT RULES**

Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. L.U.Civ.R. 79(e)(3). A party may also submit a confidential memorandum for in camera review. *Id.* The non-confidential memorandum and the proposed order must include: A non-confidential description of what is to be sealed; a specific request that the document or case: (1) Be sealed from any access by the public and the litigants' counsel; (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office. L.U.Civ.R. 79(A)(B)(1-3). A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)-(3) above is most appropriate, and why another procedure will not suffice; References to governing case law; and, unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing. L.U.Civ.R. 79(C)-(E). The proposed order must recite the findings required by governing case law to support the proposed sealing. L.U.Civ.R. 79(F).

## **ARGUMENT**

In this case there was no non-memorandum filed, no proposed order, and no case law has been cited. For the reasons set forth below, the motion to seal should be denied.

1. ***Plaintiff's motion to seal has failed to comply with the local rules and therefore her motion to seal should be denied.***

As a matter of course, the Plaintiff's request should be denied because the Plaintiff has not complied with the local rules. The Plaintiff filed a motion to seal, but rather than filing a memorandum in support of her motion—which she is required to do—the Plaintiff is asking this Court to waive the filing of a memorandum. The filing of a memorandum, however, is not a discretionary matter. The rule does not say that she "may" or that she "can" file a memorandum, the rule says that the Plaintiff "must" file a memorandum in support of her motion to seal. Yet, the Plaintiff has failed to do so. Instead, she makes unsupported assertions that do not address or comply the requirements under the rules. For these, the Court should deny her motion.

In *U.S. ex rel Reeves v. Bechtel Nat. Co., Inc.* In *Reeves*, Reeves filed a complaint under the False Claims Act. *Bechtel Nat. Co.,* 2014 WL 4962006, 1 (S.D. Miss. 2014). The complaint was originally filed under seal while the Government determine whether or not it would intervene. *Id.* The Government eventually chose not to intervene. *Id.* Reeves filed two amended complaints but her second amended complaint was not accompanied with a motion to seal. *Id.* Reeves eventually filed a motion to seal. *Id.*

The Court denied the motion to seal because it did not comply with Local Rule 79. *Id*. Along with failing to submit a proposed order, the motion failed to reference governing case law. *Id.* Much like in *Reeves*, the Plaintiff failed to reference any governing case law, the Plaintiff has not submitted a proposed Order, and the Plaintiff did not submit a memorandum.

Unlike in *Reeves,* the Plaintiff is not proceeding *pro se*. The Plaintiff is represented by learned counsel. Plaintiff's counsel should have complied with the requirements under Local Rule 79(e)(3). Despite being put on notice by a UCLA law school professor Euegene Volokh about the requirements under the local rules, the Plaintiff has either refused to file a memorandum or is

3

expecting this Court to allow her to bypass the local rules.[1] These deficiencies merit that the Plaintiff's motion be denied.

## CONCLUSION

For the reasons previously stated, this Court should deny the Plaintiff's motion to seal.

RESPECTFULLY SUBMITTED, this the 18th day of November, 2021.

**PATRICIA MARSHALL**, **DEFENDANT**

BY: */s/Christian Medina*
Christian Medina

OF COUNSEL:
Christian Medina (MSB#105708)
Danks, Miller & Cory
213 S. Lamar Street (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601-957-3101
Facsimile: 601-957-3160
cmedina@dmcalw.net

## CERTIFICATE OF SERVICE

I hereby certify the foregoing pleading was filed electronically with the Clerk of Court and served on counsel of record using the CM/ECF system.

This the 18th day of November, 2021.

*/s/Christian Medina*
Christian Medina

---

[1] Exhibit A: Email from UCLA Law Professor Eugene Volokh to Wayne Ferrell and Christian Medina

4