IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELIZABETH MARTIN                                                                                       PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:20-cv-00460-CWR-LGI

PATRICIA MARSHALL                                                                                   DEFENDANT

PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF HER MOTION TO STRIKE
DEFENDANT'S REFERENCE TO FIRST AMENDMENT DEFENSE IN DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY AND PERMANENT
INJUNCTION

Plaintiff, Elizabeth Martin, files this her Memorandum Brief in Support of her Motion to Strike Defendant's Reference to First Amendment Defense and Patricia Marshall's First Amendment Defense in Defendant's Response to Plaintiff's Motion for Preliminary and Permanent Injunction and in support thereof would show unto the Court the following:

FACTS

This lawsuit arises out of the Defendant's, Patricia Marshall's, constant harassment and abuse of the Plaintiff, Elizabeth Martin. Plaintiff, Elizabeth Martin, to the best of her knowledge, has never met the Defendant, Patricia Marshall, and has had only limited contact with Patricia Marshall. Despite the fact that Elizabeth Martin does not know Patricia Marshall, and had only limited contact with Patricia Marshall, Patricia Marshall on multiple occasions (beginning in January 2018 and continuing through October 7, 2021), posted disparaging and abusive remarks about Plaintiff on several online social media platforms. Defendant, Patricia Marshall, posted photos of Plaintiff online on multiple occasions, violating and invading Elizabeth Martin's right to privacy and intentionally inflicting emotional distress to Elizabeth Martin. Defendant also brought harm to Plaintiff and further invasion of her privacy by posting Plaintiff's personal

information online, intending to further defame Plaintiff and encourage others to do her (Plaintiff) harm. Defendant called Plaintiff's mother and threatened to get Plaintiff kicked out of Plaintiff's law school on November 16, 2019. Defendant obtained Plaintiff's parents' private cell phone numbers and repeatedly called and harassed Plaintiff's mother. Defendant also contacted Plaintiff's ex-boyfriend, Alex Acevedo, and attempted to get him to contact Plaintiff's law school on the Defendant's behalf.

Plaintiff filed her Motions for Preliminary Injunction, Permanent Injunction, and Partial Summary Judgment on the Issue of Liability on November 4, 2021, with the intention to prevent Defendant's constant malicious social media postings about the Plaintiff, which have continued since the start of this case.

Defendant filed her Response to Plaintiff's Motions for Preliminary Injunction, Permanent Injunction, and Partial Summary Judgment on the Issue of Liability on November 18, 2021. In her Response, Defendant cites to a First Amendment defense that she had not utilized or pleaded until the filing of Patricia Marshall's Response to Plaintiff's Motions for Preliminary and Permanent Injunction. Without having pled this defense in her Answer, and no prior use of this defense in any of her previous pleadings, the Defendant cannot use this First Amendment Defense.

Additionally, the First Amendment Freedom of Speech does not protect true threats and fighting words, and Defendant's prior admitted acts (posting Plaintiff's private information online and calling Plaintiff's mother) would constitute such kinds of speech that are not protected by the First Amendment.

Plaintiff moves the Court for an Order striking the Defendant's Response to Plaintiff's Motion for Preliminary and Permanent Injunction and First Amendment defense and precluding the Defendant from offering any testimony at the trial of this matter.

ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Constr. Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Therefore, if an affirmative defense in a defendant's answer fails to state a sufficient defense, or if the allegations in the affirmative defense are not relevant to the claims in plaintiff's complaint, then the affirmative defense constitutes an immaterial or impertinent allegation that should be stricken.

Courts have developed a three part test in examining the affirmative defenses subject to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge. *Williams v. Provident Inv. Counsel Inc.*, 279 F. Supp. 2d 894, 906 (N.D. Ohio 2003).

A motion to strike should be granted if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Engineers*, 783 F.3d at 1050 (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). Further, such motions to strike "should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal

from the case would avoid wasting unnecessary time and money litigating the invalid defense." *SEC v. Gulf & Western Indust.*, 502 F. Supp. 343, 345 (D.D.C. 1980).

Striking insufficient affirmative defenses is proper, because courts "must not tolerate shotgun pleading of affirmative defenses and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Tsavaris v. Pfizer*, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015).

The Ninth Circuit has ruled that the function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues …," and has defined "immaterial" as that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9thCir. 1993).

Affirmative defenses are pleadings and, therefore, subject to all pleading requirements under the Federal Rules of Civil Procedure, including that they must set forth a short and plain statement of the defense, and they must give the opposing party "fair notice of the nature" of the defense. Fed. R. Civ. P., Rule 8(a); *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999).

In pleading their affirmative defenses, a defendant must do more than recite the words of a particular doctrine or principle as a substitute for the obligation to include a short and plain statement of the facts upon which an affirmative defense is premised.

In addition, it is very likely that the Plaintiff would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings, as the Defendant's First Amendment defense would not hold up under scrutiny, as Plaintiff's Motions for Preliminary and Permanent Injunctions cover all of the Defendant's behaviors, not

just the vulgar, malicious, and continuous social media postings. Not only has the Defendant continued the vulgar, defamatory, and malicious postings about the Plaintiff on Twitter, the Defendant has threatened to bring harm to the Plaintiff on more than one occasion.

In the phone call Defendant made to the Plaintiff's mother, Defendant threatened to get the Plaintiff kicked out of law school. Defendant also posted the Plaintiff's private information on the Defendant's social media accounts at least twice; in these postings, the Defendant encouraged others to target the Plaintiff. The Plaintiff's Injunctions would not "impair the public interest," as the Defendant's conduct and speech are not protected by the First Amendment. The Defendant's speech constitutes true threats and/or fighting words.

The court stated in *Virginia v. Black* that "'[t]rue threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. . . . Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Virginia v. Black*, 538 U.S. 343, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003)

In *Terminiello v. Chicago*, the Supreme Court outlined the fighting words doctrine as speech that would "produce a clear and present danger of a serious intolerable evil that rises above mere inconvenience or annoyance." *Terminiello v. City of Chicago*, 69 S. Ct. 489 (1949).

The Defendant's speech could easily fall under one or both of these categories, especially when the Defendant posted Plaintiff's information online. The Defendant posted Plaintiff's full name, age, college name, and degree to both the Defendant's Twitter and a Facebook group. In the Twitter post, the Defendant also posted a picture of the Plaintiff. In these postings where the

Defendant provided the Plaintiff's name, what the Plaintiff looked like, and the Plaintiff's location, the Defendant encouraged others to target the Plaintiff. This could easily be fighting words, as the threat from Defendant's leaking of Plaintiff's private information produced a clear and present danger of a serious intolerable evil that rose above mere inconvenience or annoyance, as Plaintiff's safety was put at risk. This could also be considered a true threat, as the Defendant directed a threat to the Plaintiff with the intent of placing the victim in fear of bodily harm or death. Regardless of whether the Plaintiff's information was available to the public on her Facebook page two years after the Defendant posted it online, the Defendant still took what was Plaintiff's private information, posted it online, and encouraged people who would have never heard of the Plaintiff to target and bring harm to the Plaintiff. The Defendant has also threatened the Plaintiff through tweets on more than one occasion.

    Patricia Marshall's Response to Plaintiff's Motions for Preliminary and Permanent Injunction pled a clearly spurious shotgun First Amendment defense, but did not plead this First Amendment defense in her Answer, nor during the course of the pleadings. The First Amendment defense provided by the Defendant was not properly pleaded by Patricia Marshall as a defense; the defense was not adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and the defense could not withstand a Rule 12(b)(6) challenge.  The Court in this case should strike the Response of the Defendant and prohibit the Defendant from putting on any testimony for the spurious defense.

    The Plaintiff, Elizabeth Martin, has suffered irreparable harm and will continue to suffer irreparable harm if Patricia Marshall is not preliminarily and permanently enjoined from

harassing Elizabeth Martin. There is no other action appropriate except for an Order granting the Plaintiff's Preliminary and Permanent Injunctions and striking the Defendant's Response.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter an Order striking Defendant's Reference to First Amendment Defense and Patricia Marshall's First Amendment Defense.

Respectfully submitted, this the 29th day of November, 2021.

ELIZABETH MARTIN

/s/Wayne E. Ferrell, Jr.
WAYNE E. FERRELL, JR.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney At Law
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

CERTIFICATE OF SERVICE

I, WAYNE E. FERRELL, JR., do hereby certify that I have this day filed the above document with the Court's MEC system which sent a copy of the above filing to counsel of record.

This the 29th day of November, 2021.

/s/Wayne E. Ferrell, Jr.
WAYNE E. FERRELL, JR.