IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELIZABETH MARTIN                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 3:20-cv-00460-CWR-LGI

PATRICIA MARSHALL                                                   DEFENDANT


PLAINTIFF'S REBUTTAL MEMORANDUM BRIEF TO DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


Plaintiff files this her Rebuttal Memorandum Brief to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment as follows:

**1.      The Plaintiff's affidavits must be taken as confessed, since they are mt contested or contradicted.**

Plaintiff's sworn testimony is supported and verified by the Defendant's vulgar postings, the relentless harassment of the Plaintiff by the Defendant, and the intentional infliction of emotional distress and negligent infliction of emotional distress committed by Patricia Marshall. The Defendant, Patricia Marshall, has no remorse, and flaunts her behavior despite this matter being litigated in the United States District Court. As recently as December 4, 2021, Patricia Marshall continues to harass Elizabeth Martin, calling Elizabeth Martin a racist hypocrite and stating that this matter is a SLAPP lawsuit. A screenshot of this tweet is attached to Plaintiff's Rebuttal to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment as Exhibit "A" and incorporated herein by reference.

1

Elizabeth Martin's sworn testimony is supported by the libelous, slanderous, vulgar, defamatory, and malicious statements made and published by Patricia Marshall and clearly directed towards Elizabeth Martin. Patricia Marshall is required to put forth evidence, affidavits, or something that contradicts or disputes the affidavits filed by Elizabeth Martin, and since Patricia Marshall did not submit any evidence, Plaintiff's affidavits remain uncontradicted and uncontested, and the facts are undisputed.

The court in *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.* found that affidavits are competent evidence and are admissible in a preliminary injunction proceeding. *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187 (4th Cir. 2002). See *American Angus Assoc. v. Sysco Corp.*, 829 F.Supp. 807, 816 (W.D.N.C.1992). The court further held that affidavits are appropriate forms of evidence in such proceedings due to the less formal nature of a preliminary injunction hearing and the need to take action to avoid irreparable injury. *Id.* As the Plaintiff's Motions for Preliminary and Permanent Injunction and Partial Summary Judgment are together in the same motion, Plaintiff's affidavit would be admissible and considered uncontested and uncontradicted since the Defendant, Patricia Marshall, did not file any affidavits disputing or contesting Elizabeth Martin's affidavits.

**2. The Plaintiff, Elizabeth Martin, has proven her negligent infliction of emotional distress claim as a matter of law.**

The Plaintiff has presented sufficient material facts showing that there is no genuine issue of material fact for the Court. Plaintiff, has by her affidavit, proved that Patricia Marshall negligently inflicted and intentionally inflicted emotional distress on Elizabeth Martin. Patricia Marshall's constant, malicious, and vulgar social media postings about Plaintiff, contacting

people having relation to the Plaintiff, posting Plaintiff's information online, and harassment of

Plaintiff has caused Plaintiff enormous stress and mental anguish.

Plaintiff began seeing a psychiatrist, Dr. Maria Scarbrough, twice a week to attempt to

assist her with her deteriorated mental state. In addition, Defendant's constant harassment of

Plaintiff had a negative impact on Plaintiff's studying for the Mississippi Bar Exam, which

Plaintiff failed to pass. The stress, anxiety, paranoia, and mental anguish Plaintiff suffered as a

result of the Defendant's continuous and abusive actions have taken a toll on Plaintiff's academic

career, resulting in Plaintiff not passing the bar exam. The Defendant has admitted to numerous

tweets on her Twitter account, and these admitted tweets showed a clear intention to bring harm

and distress to the Plaintiff.

In *Alston v. Mississippi Dep't of Employment Security*, the court outlines a claim for

intentional infliction of emotional distress:

> (1) The defendant acted willfully or wantonly toward the plaintiff by committing certain
> described actions; (2) the defendant's acts are ones which evoke outrage or revulsion in
> civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff;
> (4) the plaintiff 'suffered severe emotional distress as a direct result of the acts of the
> defendant'; and (5) such resulting emotional distress was foreseeable from the intentional
> acts of the defendant.

*Alston v. Mississippi Dep't of Employment Security,* 300 So.3d 543, 549. Indeed, this quite

accurately outlines the Plaintiff's claim: Elizabeth Martin's affidavits and the produced

documents prove that the Defendant acted willfully and wantonly toward the Elizabeth Martin by

committing certain described actions (constant harassment and abuse of the Plaintiff on and off

social media); the Defendant's acts are ones which evoke outrage or revulsion in civilized society

(untrue accusations of racism, bigotry, prostitution, and other vile behaviors); the acts were

directed at, or intended to cause harm to, the Plaintiff; the Plaintiff suffered severe emotional distress as a direct result of the acts of the defendant (requiring psychiatry appointments twice a week, failing the Mississippi bar, and constant mental anguish and stress); and such resulting emotional distress was foreseeable from the intentional acts of Patricia Marshall. The Plaintiff, Elizabeth Martin, in the event that the Court were to deny the Plaintiff's intentional infliction of emotional distress claim, would show that the Defendant, Patricia Marshall, has, at the very least, negligently inflicted emotional distress.

**3. The Plaintiff, Elizabeth Martin, has proven her invasion of privacy claim as a matter of law.**

Plaintiff provides sufficient facts for the tort of defamation and invasion of privacy to allege sufficient facts to make a plausible claim. Plaintiff provided sufficient facts to satisfy the requirements for the two sub-torts of invasion of privacy: the public disclosure of private facts and holding another to the public eye in a false light. Plaintiff provided screenshots of Defendant posting Plaintiff's personal information online with the intent to bring harm to Plaintiff. Defendant admitted to posting these in her responses to Plaintiff's Requests for Admissions.  See Exhibit "A" attached to Plaintiff's Motion for Partial Summary Judgment.

The Defendant's only defense is that Patricia Marshall's actions are forgiven and non-actionable because some of the information is available on Plaintiff's Facebook page (two years after the Defendant posted it online). Even if the Plaintiff's information *was* available for the Defendant or anyone to find, 18 U.S. Code § 2261A prohibits such conduct by the Defendant. 18 U.S. Code § 2261A reads in part as follows:

"Whoever—

(2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—

(A) places that person in reasonable fear of the death of or serious bodily injury to a person …; or

(B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person …

shall be punished as provided in section 2261(b) of this title."

18 U.S. Code § 2261A.

In addition to the Federal Code, there is also a Mississippi Code title for cyberstalking,

which states:

"(1) It is unlawful for a person to:

(a) Use in electronic mail or electronic communication any words or language threatening to inflict bodily harm to any person or to that person's child, sibling, spouse or dependent, or physical injury to the property of any person, or for the purpose of extorting money or other things of value from any person.

(b) Electronically mail or electronically communicate to another repeatedly, whether or not conversation ensues, for the purpose of threatening, terrifying or harassing any person."

MS Code § 97-45-15(1) (2013).

The California Penal Code also contains a provision concerning cyberstalking:

"(a) Every person who, with intent to place another person in reasonable fear for his or her safety, or the safety of the other person's immediate family, by means of an electronic communication device, and without consent of the other person, and for the purpose of imminently causing that other person unwanted physical contact, injury, or harassment, by a third party, electronically distributes, publishes, e-mails, hyperlinks, or makes available for downloading, personal identifying information, including, but not limited to, a digital image of another person, or an electronic message of a harassing nature about another person, which would be likely to incite or produce that unlawful action, is guilty of a misdemeanor punishable by up to one year in a county jail, by a fine of not more than one thousand dollars ($1,000), or by both that fine and imprisonment.

5

(b) For purposes of this section, "electronic communication device" includes, but is not limited to, telephones, cell phones, computers, Internet Web pages or sites, Internet phones, hybrid cellular/Internet/wireless devices, personal digital assistants (PDAs), video recorders, fax machines, or pagers. "Electronic communication" has the same meaning as the term is defined in Section 2510(12) of Title 18 of the United States Code.

(c) For purposes of this section, the following terms apply:

(1) "Harassment" means a knowing and willful course of conduct directed at a specific person that a reasonable person would consider as seriously alarming, seriously annoying, seriously tormenting, or seriously terrorizing the person and that serves no legitimate purpose.

(2) "Of a harassing nature" means of a nature that a reasonable person would consider as seriously alarming, seriously annoying, seriously tormenting, or seriously terrorizing of the person and that serves no legitimate purpose."

653.2 PC.

The crimes of harassment through cyberstalking such as these perpetrated by Patricia Marshall are unlawful by the laws of both states and the Federal government. While this is not a criminal case, it is certainly worth noting that these statutes exist and criminalize the Defendant's behavior.

In addition, Defendant also contacted Plaintiff's ex-boyfriend, Alex Acevedo, and tried to persuade him to contact Plaintiff's law school and somehow damage the Plaintiff's standing with the law school. See Exhibit "H" attached to Plaintiff's Motion for Partial Summary Judgment. These continuous acts against the Plaintiff constitute harassment through cyberstalking under Mississippi, California, and federal law.

The four sub-torts under invasion of privacy are: (1) the intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false

light. *McCorkle v. McCorkle*, 811 So.2d 258, 268 (Miss. 2001). Two of the sub-torts under

invasion of privacy in the *McCorkle* case that apply to this case are: (1) the public disclosure of

private facts and (2) holding another to the public eye in a false light. By virtue of her contested

and uncontradicted affidavits and the produced documents, Plaintiff has proved that the

Defendant has committed both of these actions against Plaintiff, the public disclosure of private

facts (posting Plaintiff's private information and false information about Elizabeth Martin

online); and holding another to the public eye in a false light (posting numerous ludicrous,

vulgar, and incorrect statements about Plaintiff online, including accusing Plaintiff of

prostitution).

   In *Young v. Jackson*, the court describes the third sub-tort of invasion of privacy and

public disclosure of a private fact. The matter publicized must be of a kind that: (a) would be

highly offensive to a reasonable person, and (b) is not of legitimate concern to the public. *Young*

*v. Jackson*, 572 So.2d 378, 382 (Miss. 1990). Indeed, the Plaintiff's affidavits and produced

documents satisfy the requirements in the *Young* case. The postings about the Plaintiff made by

the Defendant are highly offensive to a reasonable person, and certainly to Elizabeth Martin,

since the postings are vulgar, defamatory, derogatory, and untrue and target the Plaintiff,

Elizabeth Martin. These postings are also not of legitimate concern to the public, as the Plaintiff

is not a public figure, nor is her life necessary to be scrutinized. The court in *Young* does not even

require that the information be impossible or difficult to find. The plaintiff in the *Young* case was

concerned about information regarding her hysterectomy procedure; the information was easily

obtainable information, and she likely told others about the procedure herself. Private

information does not mean information that is impossible or difficult to obtain, just information that the plaintiff does not want given to third persons.

The elements of placing a person in false light is: (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Cook v. Mardi Gras Casino Corp.*, 697 So.2d 378, 382 (Miss. 1997). Patricia Marshall stated that Elizabeth Martin slept with people for money. The statement is disgusting and harmful to Elizabeth Martin and her reputation, and is completely untrue. Defendant repeatedly held Plaintiff to the public eye in a false light, by publishing numerous posts falsely stating that the Plaintiff engaged in prostitution. See Exhibits "D" and "G" attached to Plaintiff's Motion for Partial Summary Judgment. Clearly, being accused of prostitution would be highly offensive to a reasonable person, especially a person trying to make a career for herself in the legal field. The Defendant acted in reckless disregard, without any remorse, by publicizing matter false and defamatory information that reflected Elizabeth Martin in a false light.

Not only has Defendant admitted to the posting of Plaintiff's private information online in Defendant's responses to Plaintiff's Requests for Admission, Plaintiff also has provided evidence of both this claim and evidence of Defendant's holding Plaintiff to the public eye in a false light. See Exhibits "A", "E", and "F" attached to Plaintiff's Motion for Partial Summary Judgment. The Defendant also made several attempts to contact a Twitter user with a large following who was "exposing racist law" students, likely to try to incriminate the Plaintiff, who was a law student at the time. See Exhibit "E" attached to Plaintiff's Motion for Partial Summary Judgment.  The Defendant has admitted to numerous tweets on her Twitter account, and, along

8

with Plaintiff's uncontested and uncontradicted affidavit, there is sufficient evidence to make a plausible claim.

**4.  The Plaintiff, Elizabeth Martin, has proven her defamation claim as a matter of law.**

Plaintiff provided sufficient uncontradicted evidence that established certain facts to make a plausible claim. Plaintiff has provided multiple screenshots and evidence of Defendant's vulgar, malicious, and continuous postings about Plaintiff, as well as photos of Plaintiff that Defendant published on Defendant's social media accounts without Plaintiff's permission. See Exhibits "A" and "E" attached to Plaintiff's Motion for Partial Summary Judgment.  Plaintiff has provided sufficient evidence and facts to make a plausible claim for libel and defamation. Plaintiff provided screenshots of posts published by Patricia Marshall which the Defendant admitted to publishing. See Exhibits "A" and "F" attached to Plaintiff's Motion for Partial Summary Judgment. Patricia Marshall also admitted to publishing photos of Plaintiff (without Plaintiff's permission). See Exhibit "A"  attached to Plaintiff's Motion for Partial Summary Judgment.  Elizabeth Martin, in her affidavits, swears that the statements made by Defendant are false, Patricia Marshall has not provided any sworn testimony or evidence to the contrary, and therefore Plaintiff's affidavits are uncontested and should be taken as undisputed facts. Plaintiff's affidavits remain uncontested and uncontradicted, and undisputed fact. The *Humphries* case outlines the four elements of a defamation claim:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability irrespective of special harm or existence of special harm caused by the publication.

*Humphries v. Virlilia Road Conservation Group LLC*, 276 So.3d 1272, 1277 (Ct. App. Miss. 2018). Patricia Marshall made and published numerous false and defamatory statements Elizabeth Martin, which are proven by Elizabeth Martin's uncontested affidavits and the documents attached to Plaintiff's Motion for Partial Summary Judgment; the documents attached to Plaintiff's Motion for Partial Summary Judgment prove that the defamatory statements were false. Elizabeth Martin proved and Patricia Marshall admitted to an unprivileged publication by Defendant to a third party on various social media platforms and Elizabeth Martin proved special harm or existence of special harm by Patricia Marshall that was caused by publication. Finally, Elizabeth Martin, as documented in her affidavits, suffered special harm due to the mental anguish and distress caused by the postings. Indeed, Plaintiff has proved sufficient uncontested factual basis to support her claims, by virtue of Elizabeth Martin's affidavits; through Patricia Marshall's admissions in her responses to Plaintiff's Requests for Admission; and through the documents attached to Plaintiff's Motion for Partial Summary Judgment. The posts published by the Defendant are hateful, abusive, and threatening.

Patricia Marshall falsely and without any support, other than Patricia Marshall's self-serving statements, claims that Patricia Marshall's statements about the Plaintiff are not false and not defamatory, when the postings made by Patricia Marshall about the Plaintiff are utterly false and defamatory. The Defendant has shown blatant disregard and disrespect for the Court by continuing her attacks against the Plaintiff from before this lawsuit was filed. Even up through December 4, 2021, Patricia Marshall posted another defamatory statement against Elizabeth Martin. See Exhibit "A" attached to Plaintiff's Rebuttal to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment.

**CONCLUSION**

For the reasons set out above and in her Complaint, discovery, and affidavits, the Plaintiff has presented sufficient uncontested and uncontradicted material facts showing that there are not genuine issues of material facts. Plaintiff proved sufficient facts for the claims of libel, defamation, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress, to make a plausible claim. For these reasons, the Court should grant the Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted, this the 6th day of December, 2021.

PLAINTIFF

By:   /s/ Wayne E. Ferrell, Jr.
      WAYNE E. FERRELL, JR.


Wayne E. Ferrell, Jr.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi  39225-4448
Telephone (601) 969-4700
Fax (601) 969-7514
wferrell@airlawonline.com

12

CERTIFICATE OF SERVICE

I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to all counsel of record.

This the 6th day of December, 2021.

By:     /s/ Wayne E. Ferrell, Jr.
        WAYNE E. FERRELL, JR.