IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ELIZABETH MARTIN**                                                                             **PLAINTIFF**

**V.**                                      **CAUSE NO. 3:20-CV-460-CWR-LGI**

**PATRICIA MARSHALL**                                                     **DEFENDANT**

<u>**ORDER STAYING CASE**</u>

This cause is before the Court on its own motion.

The undersigned has resolved several motions in this case to date. Several more remain outstanding. Before addressing them, though, the Court thinks this an appropriate juncture to ask the parties to step back for a moment and consider whether the present course of action will meet their respective goals.

Litigation is costly. The maintenance of this lawsuit—perhaps contingent in nature—is probably costing the plaintiff blood, sweat, and tears as she seeks to defend her name. The defense of this lawsuit is likely costing the defendant, and perhaps her insurer, time and money as she seeks to avoid an adverse judgment issued in this remote (to her) forum.

The Court presumes that both parties wish to live their best lives free of each other and free of the omnipresent cloud litigation can create. On the current trajectory, however, what lies ahead does not lead to that kind of freedom.

If the Court rules in the plaintiff's favor on the pending summary judgment motions, we will have a multi-day, in-person proceeding where both parties' lives will be put on trial. No one knows what the jury will make of the parties' social-media slings and arrows. If, however, the Court grants the defendant's summary judgment motion, an appeal may be next and it may not be resolved for considerable time at additional expense. Neither side will get to move on until

2023 at the earliest—at which point the Fifth Circuit might reverse and remand for a trial on the merits in 2024.

This is all normal for the lawyers and entities like corporations. They do this for a living and will move onto the next case when this one is over. But this is not necessarily how individuals, like the parties in this case, wish to spend their lives.

Our parties have so far avoided the settlement conference usually required by the Case Management Order. *See* Docket No. 35. That is an opportunity to contemplate with a neutral magistrate whether there is some other way to meet one's objectives. And to move on into a future free of the other party.

So, in an attempt to get the parties thinking about what they want that future to look like, the Court hereby orders the plaintiff and the defendant to complete an in-person settlement conference with Judge Isaac in the next 90 days. A ruling on the cross-motions will be stayed pending that settlement conference, but will issue promptly if the parties do not reach a durable agreement finally and fairly resolving this lawsuit.

**SO ORDERED**, this the 21st day of December, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE